## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| WINSTON FRANCIS, JR., as the personal representative of the Estate of Winston Francis, Sr.[,] and as the administrator of the Estate of Winston Francis, Sr., <br><br> Plaintiff, <br><br> v. <br><br> BANK OF NOVA SCOTIA, <br><br> Defendant. | 2007-CV-0082 |

TO:    Joel H. Holt, Esq.
        James Bernier, Jr., Esq.

### ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER came before the Court upon Plaintiff's Motion For Reconsideration (Docket No. 83). Defendant filed an opposition to said motion, and Plaintiff filed a reply thereto.

Pursuant to Local Rule of Civil Procedure 7.4, parties may seek reconsideration of an order issued by a judge or magistrate judge of this Court based upon "1. intervening change in controlling law; 2. availability of new evidence, or; 3. the need to correct clear error or prevent manifest injustice." LRCi 7.4. It is widely recognized that the "'purpose

*Francis v. The Bank of Nova Scotia*
2006-CV-0082
Order Denying Plaintiff's Motion For Reconsideration
Page 2

of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Snith v. City of Chester*, 155 F.R.D. 95, 96 (E.D. Pa. 1994) (citation omitted). Having reviewed the submissions of the parties, nothing therein persuades the Court that its previous order requires modification or reversal.

Plaintiff seeks reconsideration of this Court's Order Regarding Defendant's Motion For Protective Order (Docket No. 80), stating that counsel was denied opportunity to address the basis for such order. While the Court stated that the documents at issue contained information pertaining to an on-going criminal investigation, the actual basis for the order is that the Court found the documents to be protected by the attorney work-product privilege. Upon reviewing the documents *in camera* the Court found that the reports were prepared as a result of the on-going criminal investigation, consequently, they can be said to have prepared "because of the prospect of litigation." *Accord Shulton, Inc. v. Optel Corp.*, Civ. No. 85-2925, 1987 WL 19491 (D.N.J. November 4, 1987. Simply because no one has been criminally indicted or prosecuted does not necessarily mean that the investigation is not still open and on-going. The undersigned is in a unique position to have knowledge that the criminal matter is not closed and continues to be investigated. Consequently, Plaintiff has failed to show a manifest error of fact.

*Francis v. The Bank of Nova Scotia*
2006-CV-0082
Order Denying Plaintiff's Motion For Reconsideration
Page 3

The cases cited by Plaintiff in said motion regarding stays of discovery in cases where there is a pending companion criminal case clearly are not applicable nor analogous to the facts in the matter at bar. Thus, Plaintiff has not demonstrated a "manifest error of law." Further, Defendant has introduced no *new* evidence in support of reconsideration. Therefore, reconsideration is not warranted on either of those bases.

Defendant appears merely to disagree with the Court's ruling. However, "clear error or manifest injustice does not exist when a litigant merely disagrees with the court." *Bostic v. AT & T of the Virgin Islands*, 312 F. Supp. 2d 731, 735 (D.V.I. 2004) (citation omitted). *See also Central Reserve Life Ins. Co. v. Marello,* No. Civ. A. 00-3344, 2001 WL 41129 at *2 (E.D. Pa. January 17, 2001) (where the court states, "Dissatisfaction with the Court's ruling is not a proper basis for reconsideration" (citing *Burger King Corp. v. New England Hood and Duct Cleaning Co.*, 2000 U.S. Dist. LEXIS 1022 (E.D. Pa. Feb. 4, 2000)).

Accordingly, it is now hereby **ORDERED** that Plaintiff's Motion For Reconsideration (Docket No. 83) is **DENIED**.

ENTER:

Dated: October 19, 2007

/s/
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE